**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA**

In re:

COLLEEN RAIE BURGESS,

        Debtor.

Case No. A06-00172-DMD
Chapter 13

**Filed On
6/8/06**

## MEMORANDUM REGARDING EXIGENT
## CIRCUMSTANCES AND THE AUTOMATIC STAY

      For several months, the debtor has been engaged in state court litigation with Alvin Alexander regarding a home at 7703 Arlene Street in Anchorage. Two forceable entry and detainer actions were initiated by Mr. Alexander in state district court.[1] On May 22, 2006, a decision was rendered in the second case. This decision, entered by District Court Judge Motyka on May 19, 2006, awarded possession of the home to Alexander. On May 25, 2006, the debtor attempted to obtain an appointment with a credit counselor. The earliest date available for credit counseling was May 31, 2006, at 3:00 p.m. The debtor filed for chapter 13 relief on May 26, 2006, without a credit counseling certificate.

      The first issue to be resolved is whether the debtor qualifies for an exemption from the credit counseling requirement found in 11 U.S.C. § 109(h)(1). The provision for exemption is in 11 U.S.C. § 109(h)(3), which provides:

> (3)(A)  Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that –
>
> > (i)  describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

---

[1] Case No. 3AN-06-5122-CI and Case No. 3AN-06-07480-CI.

>>(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
>>(iii) is satisfactory to the court.

I conclude that the debtor has satisfied the requirements for an exemption from the credit counseling requirement found in § 109(h)(1).  First, she has described exigent circumstances, i.e., the imminent loss of her home.  Second, she was unable to obtain credit counseling within 5 days of the date she requested these services.  She made a request for credit counseling services prior to May 25, 2006.  The first available appointment was on May 31, 2006.  Her exigent circumstances certificate, under these circumstances, is satisfactory to the court.  Ms. Burgess' chapter 13 bankruptcy will stand.

The second issue to be determined by the court is whether Mr. Alexander can enforce his judgment for possession.  Ms. Burgess alleges that the judgment is void based on a lack of jurisdiction.  All issues regarding jurisdiction of the district court were fully briefed and presented to district judge Gregory Motyka.  He has ruled on these issues.  I will defer to his ruling.  None of the restrictions found in 11 U.S.C. § 362(l) apply here.[2]  Pursuant to 11 U.S.C. § 362(b)(22), Mr. Alexander is free to pursue his state law remedies, including the eviction of Ms. Burgess.  An order and judgment will be entered consistent with this memorandum.

---

[2] Under amendments to the Bankruptcy Code enacted as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, effective October 17, 2005, the filing of a bankruptcy will not stay the continuation of a residential eviction in instances where the landlord has obtained a judgment for possession before the debtor/tenant files bankruptcy, unless the tenant has a right to cure monetary defaults and deposits 30 days worth of rent with the Clerk of the Bankruptcy Court when the petition is filed.  11 U.S.C. § 362(b)(22), (l).  Under Judge Motyka's decision, Ms. Burgess doesn't have the right to cure a monetary default.  Judge Motyka found that she had permitted a lease with an option to purchase to elapse.

DATED: June 8, 2006.

                              BY THE COURT

                              <u>/s/ Donald MacDonald IV</u>
                              DONALD MacDONALD IV
                              United States Bankruptcy Judge

Serve:  J. Treptow, Esq.
         C. Johansen, Esq.
         L. Compton, Trustee
         U. S. Trustee
         Hon. G. Motyka, State District Court (courtesy copy Re: Case No. 3AN-06-07480-CI)

06/08/06

3